UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

TODD ZIMMERMAN,

    Plaintiff,                                   **JURY TRIAL DEMANDED**

    v.

MARK FENCE AND RAILING, INC., a Florida
profit corporation, and MARK HASTINGS,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, TODD ZIMMERMAN ("ZIMMERMAN") by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, MARK FENCE AND RAILING INC., a Florida profit corporation (hereinafter, "MARK FENCE") and MARK HASTINGS (hereinafter "HASTINGS"), and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, MARK FENCE was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants, MARK FENCE and HASTINGS regularly owned and operated a

business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants operated a railing and fence installation business. Plaintiff, ZIMMERMAN's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. This included equipment, tools, railings, fences, and construction supplies.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants is subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants is also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

    b. The Defendants was and continues to be a corporation and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, ZIMMERMAN was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant was conducting business in Fort Lauderdale, Broward County, Florida, which is within the Southern District of Florida.

10. At all times material hereto, Defendants were the employers of Plaintiff, ZIMMERMAN.

11. At all times material hereto, the Defendant corporation was and continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, the Defendants knowingly and willfully failed to pay Plaintiff, ZIMMERMAN his lawfully earned wages in conformance with the FLSA.

13. The Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, MARK FENCE was an "enterprise" engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, ZIMMERMAN was directly essential to the business performed by Defendants.

16. Plaintiff, ZIMMERMAN has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. On or about January 15, 2017, Plaintiff, ZIMMERMAN was hired by the Defendants, MARK FENCE and HASTINGS as a fence and railing installer. His first period of employment ended on about April 14, 2018. Plaintiff, ZIMMERMAN was rehired on about August 20, 2018. His employment ended on about January 20, 2019.

18. Plaintiff, ZIMMERMAN was paid an hourly rate of $14.00 per hour, which was increased to $15.00 per hour.

19. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff, ZIMMERMAN.

20. Plaintiff, ZIMMERMAN has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

21. Plaintiff, ZIMMERMAN repeats and realleges Paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff, ZIMMERMAN's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

23. During Plaintiff, ZIMMERMAN's periods of employment, Plaintiff, ZIMMERMAN worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, ZIMMERMAN was entitled to be paid at the rate of time and one-half for all of his hours worked in excess of the maximum hours provided for in the FLSA.

24. Records, if any, concerning the number of hours worked by Plaintiff, ZIMMERMAN and the actual compensation paid to Plaintiff, ZIMMERMAN are in the possession and custody of the Defendants. Plaintiff, ZIMMERMAN intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

25. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, ZIMMERMAN at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

26. Defendants failed to properly disclose or apprise Plaintiff, ZIMMERMAN of his rights under the FLSA.

27. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff, ZIMMERMAN is entitled to liquidated damages pursuant to the FLSA.

28. Due to the willful and unlawful actions of the Defendants, Plaintiff, ZIMMERMAN has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

29. Plaintiff, ZIMMERMAN is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, ZIMMERMAN respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff, ZIMMERMAN overtime compensation in the amount calculated;

c. Awarding Plaintiff, ZIMMERMAN liquidated damages in the amount calculated;

d. Awarding Plaintiff, ZIMMERMAN reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff, ZIMMERMAN post-judgment interest; and

    f.       Ordering any other and further relief this Court deems to be just and proper.

WHEREFORE, the Plaintiff, ZIMMERMAN seeks judgment in his favor, and against Defendants, for damages, costs of the action, interest, attorneys' fees and all other relief deemed appropriate.

DATED: March 17, 2020.

                                                  Respectfully submitted,

                                                  BOBER & BOBER, P.A.
Attorneys for Plaintiff, ZIMMERMAN
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: s/. Peter Bober
      PETER BOBER
      FBN: 0122955